UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 16-20302

vs.                                      HON. MARK A. GOLDSMITH

DELMOND MAURICE DANDRIDGE,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO
APPOINT COUNSEL (Dkt. 44) AND DENYING DEFENDANT'S MOTIONS FOR
WAIVER OF TRANSCRIPT FEES (Dkts. 45, 50)**

This matter is before the Court on Defendant Delmond Dandridge's motion to appoint

counsel (Dkt. 44) and motions requesting that the Court furnish his sentencing transcript without

fees or costs (Dkts. 45, 50).

In his motion to appoint counsel, Dandridge sought the assistance of counsel in preparing

a motion to vacate his sentence under 28 U.S.C. § 2255, on the basis of the Supreme Court's

holding in United States v. Davis, -- U.S. -- , 139 S. Ct. 2319 (2019), that the residual clause of 18

U.S.C. § 924(c) is unconstitutionally vague. Since he filed that motion seeking appointment of

counsel, however, Dandridge has filed his own motion to vacate his sentence asserting the same

grounds. His motion to appoint counsel, therefore, is denied as moot.

Dandridge also filed two motions requesting that his sentencing transcript be furnished to

him without fees or costs. Under 28 U.S.C. § 753(f),

> [f]ees for transcripts furnished in proceedings brought under section 2255 of this
> title to persons permitted to sue or appeal in forma pauperis shall be paid by the
> United States out of money appropriated for that purpose if the trial judge or a

1

circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

To qualify for free transcripts for the purpose of filing a habeas petition under § 2255, a defendant must submit a motion demonstrating that his habeas petition is not frivolous and that the requested transcripts are necessary to decide the issues to be raised in the § 2255 motion. United States v. Chambers, 788 F. Supp. 334, 338 (E.D. Mich. 1992).

Although Dandridge requests his sentencing transcript, he has not alleged any defect in the sentencing process as a ground to vacate his sentence. Rather, the argument advanced in Dandridge's habeas petition and in his motions to waive the transcript fees is premised on the legal question of whether the Supreme Court's holding Davis invalidated his conviction. Accordingly, his sentencing transcript would not be relevant or necessary to determine his motion to vacate, and his motions requesting waiver of the fees for this transcript are denied. If Dandridge wishes to obtain his sentencing transcript, the cost is $69.35; any request for a transcript should be made to the court reporter, David Yarbrough.

SO ORDERED.

Dated: December 19, 2019            s/Mark A. Goldsmith
     Detroit, Michigan                 MARK A. GOLDSMITH
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 19, 2019.

                                   s/Erica Karhoff on behalf of
                                   Karri Sandusky, Case Manager