UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 16-cr-20302

v

                                    HON. MARK A. GOLDSMITH

DELMOND MAURICE DANDRIDGE,

        Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR JAIL TIME CREDIT (Dkt. 58)**

This matter is before the Court on Defendant Delmond Maurice Dandridge's motion for jail time credit (Dkt. 58). In his motion, Dandridge seeks a declaration that his federal sentence is to be served concurrently with a subsequently imposed state sentence, thereby enabling him to receive credit for time served in custody. For the reasons that follow, the Court denies Dandridge's motion.

**I. BACKGROUND**

On August 2, 2017, Dandridge pleaded guilty to three counts of carjacking, in violation of 18 U.S.C. § 2119, and one count of using or carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Plea Agreement (Dkt. 34). Dandridge was sentenced on January 17, 2018, to 108 months for the carjacking offenses and to 84 months for the § 924(c) offense. See Judgment (Dkt. 40). The sentence for the § 924(c) offense was to be served consecutively to the sentence for the carjacking offenses, resulting in a total sentence of 192 months.

At the time Dandridge committed the offenses giving rise to his federal sentence, he was on parole for state-court convictions. Accordingly, on February 21, 2018, following his federal sentencing, Dandridge was returned to state custody for sentencing in connection with his parole

violation. While the duration of the state-court sentence imposed is not indicated in the information on the record, the Bureau of Prisons ("BOP") has stated that the state court did not specify whether its sentence would run concurrently with or consecutively to the federal sentence. BOP Letter, Ex. A to Gov't Resp. (Dkt. 60-2). And in rendering its sentence, this Court did not specify whether Dandridge's federal sentence would run concurrently with or consecutively to the state court's parole-violation sentence.

Dandridge now requests that the Court designate his federal sentence as concurrent with his state-court sentence, as doing so will entitle him to receive credit for time served in pretrial custody. Likewise, the BOP submitted a letter requesting this Court's input as to whether the two sentences are concurrent or consecutive. BOP Letter. According to the BOP, Dandridge's projected release date would be October 29, 2031 if the sentences are concurrent, and January 21, 2032 if they are consecutive. Id.

## II. ANALYSIS

In his pro se motion (Dkt. 58) and subsequent letters to the Court (Dkts. 61, 62), Dandridge requests that the Court designate his federal sentence as concurrent with his state parole-violation sentence, which would entitle him to jail time credit for time served between the date of his arrest on April 16, 2016, and the date he was transferred to state custody on February 21, 2018. However, Dandridge does not identify any legal basis, statutory or otherwise, that would permit the Court to alter or amend his federal sentence, or otherwise award him jail time credit. For the following reasons, the Court finds that it lacks authority to modify Dandridge's federal sentence to specify whether it runs concurrently with or consecutively to his state sentence.

As argued by the Government, a court's authority to modify a term of imprisonment after it has been imposed is limited. Federal Rule of Criminal Procedure 35(a) provides that a court

2

may correct a sentence "that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Rule 36, in turn, provides that courts may "at any time correct a clerical error in a judgment." This rule permits correction of purely mechanical errors and is not a means by which a court may "effectuate its unexpressed intentions at the time of sentencing." United States v. Carr, 421 F.3d 425, 432-433 (6th Cir. 2005). Rules 35 and 36 are plainly inapplicable here, as the present motion was filed long after the 14-day cutoff and does not involve correction of a clerical error.

Under 18 U.S.C. § 3582(c), a court is authorized to modify a term of imprisonment if a narrow set of circumstances apply. Specifically, a court may modify a sentence if it finds that extraordinary and compelling reasons (e.g., the defendant's medical condition, advanced age, or family circumstances) warrant such a modification, or if the defendant is of an advanced age and has served at least 30 years of a life sentence. 18 U.S.C. § 3582(c); U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Here, at 29 years old, Dandridge is not at an advanced age, nor has he identified any extraordinary or compelling circumstances warranting modification of his federal sentence.[1] Although Dandridge contends that his chronic asthma places him at greater risk of developing the more serious symptoms of COVID-19, guidelines from the Centers for Disease Control and Prevention provide that "only those with moderate to severe asthma may be at a higher risk of severe illness from COVID-19." See United States v. Harris, No. 17-20485, 2020 WL 4788027, at *3 (E.D. Mich. Aug. 18, 2020) (internal marks omitted). Because Dandridge has submitted no evidence documenting the severity of his asthma, nothing in the record substantiates a conclusion

---

[1] In Dandridge's letter dated December 5, 2020, he briefly asserts that he meets the criteria for "compassionate relief" based on his chronic asthma (Dkt. 61). It is unclear whether Dandridge seeks release from confinement or whether this argument is made in connection with his motion to designate his federal sentence as concurrent with his state sentence. Regardless, he is unable to establish extraordinary and compelling circumstances warranting either modification.

3

that his condition is serious enough to significantly elevate his vulnerability to COVID-19. See id. Thus, the Court is unable to modify his sentence under § 3582(c).

To the extent that Dandridge relies on 18 U.S.C. § 3621(b) in support of his motion, the Court is limited to offering a nonbinding recommendation to the BOP regarding its views as to whether the federal sentence should be concurrent with or consecutive to the state sentence. Section 3621(b) authorizes the BOP, in its discretion, to order that a prisoner serve his federal sentence in any suitable prison facility, including a state prison. Wahid v. Williams, No. 19-3851, 2020 WL 5412791, at *1 (6th Cir. Aug. 13, 2020). "'Thus, when a person subject to a federal sentence is serving a state sentence, the [BOP] may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive.'" Id. (quoting Setser v. United States, 566 U.S. 231, 235 (2012)) (internal marks omitted). Further, the BOP has the authority to retroactively designate a state prison as a place of federal confinement for the purpose of determining whether a prisoner is entitled to credit against his federal sentence, even where the federal sentencing court did not order that its sentence be served concurrently with a later-imposed state sentence. Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990).

This authority to designate the place of federal detention under § 3621(b) rests solely with the BOP. Id.; see also United States v. Profitt, No. 3:06-cr-136-1, 2014 WL 408299, at *4 (S.D. Ohio Feb. 3, 2014). However, in making such a designation, the BOP must consider the factors enumerated in § 3621(b), including recommendations by the sentencing court. Wahid, 2020 WL 5412791, at *1-2. Additionally, BOP policies provide that "[a] designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Id. at *2 (internal marks omitted). To this end, it is

4

BOP policy to solicit the sentencing court's views regarding whether a federal sentence should be construed as concurrent or consecutive. Newsome v. Williams, No. 3:15–CV–141, 2016 WL 4153615, at *4 (N.D.W.V. Aug. 5, 2016). Some sentencing courts have offered their recommendations in response to BOP letters, see, e.g., Pritchett v. United States, No. 3:10-cv-422, 2012 WL 2568094, at *2 (N.D. Fla. May 25, 2012), while others have declined to do so, see, e.g., United States v. Fortt, 608 F. App'x 88, 89 (3d Cir. 2015); Gibson v. Roy, No. 5:10–CV–120, 2010 WL 5287516, at *1 (E.D. Tex. Nov. 1, 2010).

Once the BOP makes a final determination regarding a defendant's request under § 3621(b), the defendant may seek review of that determination under 28 U.S.C. § 2241. Wahid, 2020 WL 5412791, at *2 ("The BOP's denial of a prisoner's request for a retroactive concurrent designation is reviewed for abuse of discretion."); Profitt, 2014 WL 408299, at *4 ("A petition brought under 28 U.S.C. § 2241 is the proper vehicle for challenging the BOP's administration of a sentence after exhausting administrative remedies."). Here, it is unclear whether the BOP has made a final determination regarding Dandridge's request. But even if it has, this Court lacks jurisdiction to review that determination under § 2241. It is well established that "[a] petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian . . . ." Taylor v. Morrison, 14 F. App'x 380, 381 (6th Cir. 2001). Because Dandridge is incarcerated in Middle District of Florida, this Court would lack jurisdiction over any petition under § 2241.

In light of the foregoing, the Court is limited to offering a nonbinding recommendation regarding whether Dandridge's federal sentence should be concurrent or consecutive to his state sentence. Here, given the serious nature of the offense and Dandridge's extensive criminal record, the Court recommends that the federal sentence be treated as consecutive to the state sentence.

Over the course of several hours on the morning of April 16, 2016, Dandridge engaged in a series of four carjacking offenses. During the course of the offenses, Dandridge threatened and brandished a firearm at the victims, forcing them to give Dandridge their vehicles. In one instance, the victim removed a two-year-old child from the vehicle before Dandridge drove away. In another instance, Dandridge pointed a gun at the victim and pulled the trigger twice, without the gun firing.

Further, at the age of only 25, Dandridge's criminal history was already categorized at Level III. His criminal history is significant for convictions of assault, resistance, or obstruction of a police officer; assault with intent to do great bodily harm; and felony firearm. And while Dandridge was in custody on his conviction for assault with intent to do great bodily harm, he received 36 misconduct violations. Finally, at the time Dandridge committed the carjacking offenses giving rise to his federal sentence, he was on probation from the Michigan Department of Corrections.

In light of the seriousness of the offenses giving rise to Dandridge's federal offense, as well as his extensive criminal record and history of assaultive behavior, the Court makes the nonbinding recommendation that the BOP treat Dandridge's federal sentence as consecutive to his state sentence.

### III.  CONCLUSION

For the reasons discussed above, the Court denies Dandridge's motion for jail time credit (Dkt. 58). Further, the Court recommends that Dandridge's federal sentence be treated as consecutive to his state sentence.

SO ORDERED.

Dated: January 21, 2021　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2021.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager
