UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DELMOND MAURICE DANDRIDGE,

    Defendant.

_____/

Case No. 16-cr-20302

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO VACATE (Dkt. 46)

Before the Court is Defendant Delmond Maurice Dandridge's motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 46). For the reasons that follow, the Court denies Dandridge's motion.[1]

Dandridge stole multiple vehicles at gunpoint from multiple victims on a one-day spree that ended with his arrest. See Resp. at 2. Dandridge pleaded guilty to three counts of carjacking a motor vehicle under 18 U.S.C. § 2119 and one count of using a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). See Judgment (Dkt. 40).

Dandridge now challenges the application of his carjacking offenses as the "crimes of violence" underlying his § 924(c) charge. See Mot. at PageID.159, 170–172 (citing United States v. Davis, 139 S. Ct. 2319 (2019)).

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to Dandridge's motion, the briefing includes the Government's response (Dkt. 49) and Dandridge's reply (Dkt. 52).

Section 924(c) provides two definitions for a "crime of violence." Under what is known as the "elements clause," a "crime of violence" is defined as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). Under the "residual clause," a "crime of violence" is defined as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In Davis, the Court found that the residual clause was unconstitutionally vague. 139 S. Ct. at 2336. However, Davis did nothing to invalidate the elements clause. See, e.g., United States v. Gardner, 819 F. App'x 335, 340 n.6 (6th Cir. 2020).

Dandridge argues that his carjacking charge was treated as a crime of violence under the residual clause, which is not allowable under Davis. Mot. at PageID.170–172. Dandridge points to case law indicating that the United States Court of Appeals for the Sixth Circuit has previously found carjacking to be a crime of violence under the residual clause. See Mot. at 4 (citing United States v. Jackson, 918 F.3d 467, 484 (6th Cir. 2019) (referencing United States v. Taylor, 814 F.3d 340 (6th Cir. 2016) as a case "where we held that carjacking is a crime of violence under § 924(c)'s residual clause")).

As the Government correctly explains, see Resp. at 4–5, Dandridge's own case law establishes that "the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause." Jackson, 918 F.3d at 486. "This conclusion is further supported by the fact that the carjacking statute requires that the government prove the defendant committed the offense 'with the intent to cause death or serious bodily injury . . . .'" Id. (quoting

2

§ 2119).  On this basis, the Sixth Circuit has found that § 924(c) charges based on carjacking offenses survive Davis because carjacking constitutes a crime of violence under the elements clause, not the residual clause.  See Gardner, 819 F. App'x at 340 n.6 (affirming § 924(c) conviction with carjacking as underlying crime of violence) (citing Davis, 139 S. Ct. at 2323–2324; Jackson, 918 F.3d at 485).

Further, as the Government notes, see Resp. at 6–7, Dandridge agreed in his Plea Agreement that, "[a]t the time the motor vehicle was unlawfully taken, defendant intended to cause death or serious bodily harm," and that "[t]he motor vehicles were taken by the wrongful use of force and violence or by intimidation; or attempts to use force and violence or intimidation," Plea Ag. at 2 (Dkt. 34).  Thus, it is clear that Dandridge's carjacking crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).

Dandridge submits that his challenged offenses "may have been based on the residual clause," entitling him to relief.  Mot. at PageID.176–177 (emphasis in original) (citing Griffin v. United States, 502 U.S. 46, 53 (1991) ("[W]here a provision of the Constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that may have rested on that ground.")); see also Reply at 1–5.  For the reasons explained, however, the Court does not doubt that Dandridge's carjacking offense was properly treated as a crime of violence under the elements clause.  See Gardner, 819 F. App'x at 340 n.6; Plea Ag. at 2.

Accordingly, the Court denies Dandridge's motion to vacate his sentence (Dkt. 46).

SO ORDERED.

| | |
|---|---|
| Dated:  February 17, 2023<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>United States District Judge |